**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND**

**CIVIL ACTION NO. 21-11-DLB**

**COMARARIE MILLER**                                                                           **PETITIONER**

**v.**                **MEMORANDUM OPINION AND ORDER**

**J. ALLEN BEARD, Warden,**                                                **RESPONDENT**

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Comararie Miller has filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 asserting claims related to the COVID-19 pandemic. (Doc. # 1).  This matter is before the Court to conduct the initial screening of the Petition pursuant to 28 U.S.C. § 2243.  *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Miller's Petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

**I.**

Miller identifies three respondents in his Petition, (*see* Doc. # 1 at 1), but the proper respondent in a habeas proceeding challenging present physical detention is the warden of the facility where the petitioner is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court will direct that Warden J. Allen Beard be identified as the sole respondent in this proceeding.

In addition, Miller purports to bring his habeas corpus petition on behalf of himself and "all others similarly situated who are detained at F.C.I. Ashland . . . ," and names five other persons as petitioners in the caption of his petition. (Doc. # 1 at 1). But none of these other persons signed the petition as required by Rule 11(a) of the Federal Rules of Civil Procedure. *Id.* at 17. And the United States Court of Appeals for the Sixth Circuit has consistently interpreted 28 U.S.C. § 1654 "as prohibiting pro se litigators from trying to assert the rights of others." *Olagues v. Timken*, 908 F.3d 200, 204 (6th Cir. 2018) (collecting cases); s*ee also Crawford v. U.S. Dep't of Treasury*, 868 F.3d 438, 455 (6th Cir. 2017) ("Generally, a plaintiff must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."); *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) ("The rule against non-lawyer representation protects the rights of those before the court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent.") (quotation marks and citations omitted).

Miller's Petition also suggests a desire for this matter to proceed as a class action. However, he has not attempted to define the scope of the class or the claims encompassed within it; alleged or argued that his claims satisfy the requirements for class

2

certification set forth in Federal Rule of Civil Procedure 23(a)(1)-(4); or identified the type of class action appropriate under Rule 23(b)(1)-(3).  A pleading that fails to satisfy these criteria does not warrant class certification.  *See Wal-Mart v. Dukes*, 564 U.S. 338, 350 (2011) ("Rule 23 does not set forth a mere pleading standard."); *Newsom v. Norris*, 888 F. 2d 371, 381 (6th Cir. 1989).  The Court will therefore direct that Miller be identified as the sole petitioner in this proceeding.

## II.

Miller's Petition is identical – indeed, nearly word-for-word – to the petition filed one month ago by Jerome Woods, another inmate confined at the same prison.  *See Woods v. Beard*, No. 0: 20-CV-151-DLB (E.D. Ky. 2020) (Doc. # 1 therein).  Like Woods, Miller complains that prison officials are not doing enough to combat the spread of COVID-19 at the prison, and have not adequately utilized the authority conferred upon them by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") to transfer inmates to home confinement or to grant compassionate release.  Miller asks this Court to order Bureau of Prisons officials to release inmates at the prison through these avenues.  Miller also asks to be excused from the requirement that he exhaust administrative remedies prior to filing suit "because of the dangerous conditions at FCI Ashland." (Doc. # 1 at 2-15).

The Court will deny Miller's Petition for the same reasons it denied Woods's identical petition.  First, while the CARES Act authorizes the BOP to consider placing an inmate in home confinement pursuant to 18 U.S.C. § 3624(c), it does not require it to do so.  *See Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2016); *Demis v. Sniezek*, 558 F.3d 508, 514 (6th Cir. 2009); *Boals v. Quintana*, No. 5:15-cv-335-JMH, 2015 WL

8665404, at *2 (E.D. Ky. Dec. 11, 2015). While the Administrative Procedures Act ordinarily provides an avenue for judicial review of such decisions, the statute expressly exempts the BOP's placement decisions from such review. 28 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). *Cf. Woodard v. Quintana*, No. 5:15-CV-307-KKC, 2015 WL 7185478, at *5-6 (E.D. Ky. Nov. 13, 2015). The CARES Act does not authorize federal courts to grant home confinement requests, *see* Pub. L. 116, 134 Stat. 281, 516, § 12003(b)(2), and a prisoner may not invoke the Court's habeas corpus jurisdiction in an effort to sidestep the limitations and requirements of the CARES Act. *Price v. Quintana*, No. 5: 20-CV-246-JMH (E.D. Ky. 2020) (Doc. # 4 therein at 6) (*citing Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) ("A district court reviewing a claim under § 2241 does not have authority to circumvent the established procedures governing the various forms of release enacted by Congress.")).

Second, it is apparent that Miller has not filed an inmate grievance regarding his concerns and pursued appeals available under the BOP's Inmate Grievance Program. Before a prisoner may seek habeas relief under Section 2241, he must exhaust his administrative remedies within the Bureau of Prisons. *Fazzini v. Ne. Ohio Correctional Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). Administrative remedies must be exhausted prior to filing suit and in full conformity with the agency's claims processing rules. *Woodford v. Ngo*, 548 U.S. 81, 92-94 (2006). The purpose of the exhaustion requirement is to ensure that the agency has an opportunity to review and revise its actions before litigation is commenced, which

preserves both judicial resources and administrative autonomy, and also to ensure that a court reviewing the agency's final action does so upon a developed and complete evidentiary record.  *Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996).  Miller's failure to pursue administrative remedies deprives the Court of an adequate evidentiary basis upon which to review the claims asserted in the petition.  Nor is there anything in the record which suggests that exhaustion would be futile.  *Cf. Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689-90 (E.D. Ky. 2004) (noting that futility may be shown where there has been "a prior indication from the agency that it does not have jurisdiction over the matter or it has evidenced a strong position on the issue together with an unwillingness to reconsider.") (*citing James v. U.S. Dep't of Health and Human Servs.*, 824 F.2d 1132, 1139 (D.C. Cir. 1987)).

### III.

For each of these reasons, Miller's Petition will be **denied**.  Accordingly,

**IT IS ORDERED** as follows:

(1)   The Clerk shall **MODIFY** the docket to reflect that in this proceeding Warden J. Allen Beard is the sole respondent and inmate Comararie Miller is the sole petitioner;

(2)   Miller's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

(3)   This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

(4)   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 26th day of January, 2021.



J:\DATA\ORDERS\PSO Orders\0-21-11 Memorandum.docx